```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

MARTIN J. BLANCO, JR.,           )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  10 C 7087
                                 )
CHRISTOPHER CARDENAS, et al.,    )
                                 )
            Defendants.          )
```

## MEMORANDUM ORDER

Martin Blanco, Jr. ("Blanco") has submitted a self-prepared handwritten Complaint against Michael Cardenas ("Michael," a private citizen like Blanco), off-duty Chicago police officer Christopher Cardenas ("Christopher") and the Chicago Police Department ("Department"). Blanco has accompanied his Complaint by completing and tendering two forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

For a federal litigant to obtain in forma pauperis status, he or she must not only demonstrate financial inability to pay the $350 filing fee (for which purpose the Application does the job) but also a potentially viable federal claim. In this instance Blanco falls short--although he may have a possible claim against one or more of the defendants assertable in a state court of competent jurisdiction (a matter on which this Court expresses no opinion), he has not successfully invoked federal subject matter jurisdiction.

It has been nearly a quarter century since <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) reconfirmed the threshold inquiry that must be made in every proposed federal lawsuit:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

And as more recently instructed in <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Here Blanco charges that Michael picked a fight with him last month (on October 18) and that while Blanco was defending himself Christopher (a relative of Michael's) "committed the act of battery and retaliation; mind you I did nothing to Michael Cardenas" (Complaint ¶4). Although the Chicago Police Department was called, the officers never investigated the injuries caused by Christopher (<u>id</u>. ¶5) because Christopher "used his badge to obtain professional courtesy from on-duty officers" (<u>id</u>. ¶7). As for Department, it assertedly (1) "refused to provide copies of any reports" (<u>id</u>. ¶10) and (2) "refused to investigate Michael Cardenas for his involvement in fight that took place" (<u>id</u>. ¶11).

It is conventional wisdom that "[n]ot every action by a state official or employee is to be deemed as occurring 'under

2

color' of state law" (Hughes v. Meyer, 880 F.2d 967, 971 (7th Cir. 1989)) so as to bring 42 U.S.C. §1983 ("Section 1983") into play as a source of federal jurisdiction. In that regard, such cases as Gibson v. City of Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990)(citations and internal quotation marks omitted) teach that "acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of police duties."

In those terms Christopher's initial involvement in the fight[1] and his alleged retaliatory battery were clearly not actions taken "under color" of state law. As for Blanco's allegation that Christopher "used his badge to obtain professional courtesy from on-duty officers," that might well call for a different answer (though that is not certain)--but the problem there is that in any event Blanco has offered nothing to show that he was deprived of any federal constitutional right, something that is essential to any Section 1983 claim.

So much, then, as to the nonexistence of any viable federal claim against Christopher. And as for Michael, the private scrap between him and Blanco (two nongovernmental actors) cannot even arguably implicate a federal claim under Section 1983 or any other rubric. Finally, even apart from the fact that Department

---

[1] As required for the present analysis, Blanco's allegations will be credited as true (though this Court does not of course make or imply any findings of its own as to the facts).

3

is not itself a suable legal entity,[2] once again Blanco has shown no potential constitutional deprivation.

Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction. Relatedly, the Application is denied and the Motion is denied as moot (although as to the latter, it may be added that Blanco has not made an adequate showing of his required efforts to obtain counsel on his own).

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date:   November 5, 2010

---

[2] Though the City of Chicago is such an entity, <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) insulates it from any Section 1983 liability here.